IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:16-cr-00051-BR |
| Plaintiff, | ORDER |
| v. | |
| AMMON BUNDY, JON RITZHEIMER, JOSEPH O'SHAUGHNESSY, RYAN PAYNE, RYAN BUNDY, BRIAN CAVALIER, SHAWNA COX, PETER SANTILLI, JASON PATRICK, DUANE LEO EHMER, DYLAN ANDERSON, SEAN ANDERSON, DAVID LEE FRY, JEFF WAYNE BANTA, SANDRA LYNN ANDERSON, KENNETH MEDENBACH, BLAINE COOPER, WESLEY KJAR, COREY LEQUIEU, NEIL WAMPLER, JASON CHARLES BLOMGREN, DARRYL WILLIAM THORN, GEOFFREY STANEK, TRAVIS COX, ERIC LEE FLORES, and JAKE RYAN, | |
| Defendants. | |

1 - ORDER

**BROWN, Judge.**

The Court conducted a regular Status Hearing on June 15, 2016, to address issues the parties raised since the last Status Hearing on May 4, 2016, and to address case-management issues in general. On the record before the Court and in light of the parties' representations, the Court makes the following Order in the exercise of its discretion:

### SCHEDULE FOR STILL-PENDING ROUND ONE MOTIONS

The Court directs the parties to confer and to file a joint status report **no later than June 20, 2016,** regarding the anticipated timeline on which the parties expect the Ninth Circuit to issue a decision in Ninth Circuit Case No. 16-30080 and as to the parties' respective proposals for when this Court should take Defendants' Motion (#480) to Dismiss under advisement. The Court will then determine whether this Motion is ripe for decision.

The Court directs Defendants (through Defendant Joseph O'Shaughnessy) to file a reply memorandum in support of his Motion (#545) to Compel Notice of Surveillance **no later than June 24, 2016.** The Court will then determine whether oral argument is necessary to resolve this Motion.

The Court directs the government to file its response to Defendant Peter Santilli's Motion (#689) to Suppress Eyewitness

2 - ORDER

Identification **no later than June 29, 2016.** The Court will then determine whether any reply or oral argument is necessary.

### SCHEDULE FOR ROUND TWO MOTIONS[1]

At the Status Hearing on June 15, 2016, Defendants advised the Court of the Round Two Motions they had filed or intended to file by day's end as follows:

- Defendant Ryan Payne's Motion (#711) to Suppress Seized Emails;
- Defendant Ryan Payne's Motion (#712) to Suppress Facebook Evidence; and
- Defendant Jason Patrick's Motion (#713) for Change of Venue.

In addition, at the Status Hearing Defendants David Lee Fry and Joseph O'Shaughnessy made an unopposed request for an extension of time until June 20, 2016, to file additional motions to suppress as stated on the record. The Court grants that requested extension, and, accordingly, these anticipated motions to suppress are due **no later than June 20, 2016.**

The Court directs the parties to file under seal all supporting materials related to these Motions that the Court has previously sealed or that are subject to the Protective Order

---

[1] The Court states separately herein the scheduling deadlines to address the pending discovery disputes the parties identified in their Joint Statement (#699).

3 - ORDER

(#342).

The government's responses to each of these Round Two Motions are due **no later than June 29, 2016.** No replies are permitted without leave of Court. For the purpose of conducting any evidentiary hearings and/or oral arguments that the Court determines are necessary for any of these motions, the Court directs the parties to reserve time beginning on July 18, 2016, through July 21, 2016, for such proceedings. The Court will make the necessary scheduling decisions and advise the parties accordingly as soon as practicable.

In the event the basis for a Round Two motion (such as a motion to compel discovery or a motion to suppress evidence) arises after the June 15, 2015, filing deadline for such motions and, therefore, at a time that reasonably prevented a party from complying with that deadline, such party may seek leave of Court to file such a motion as soon as practicable and after full, meaningful conferral with opposing counsel. In addition, new counsel for Defendant Ammon Bundy may seek leave to file such Round Two Motions as soon as practicable after meaningful conferral with government counsel and upon a showing of good cause to allow the filing after June 15, 2016.

The Court reminds the parties of its Order (#210) in which the Court explained that "any formal motion filed by counsel for any Defendant [is deemed] to be joined by all Defendants unless

otherwise noted in that motion or in a separate notice filed on the record no more than three days after the filing of the motion."[2]

## SCHEDULING OF MOTIONS TO CONTINUE THE SEPTEMBER 7, 2016, TRIAL DATE; MOTIONS TO SEVER; AND GOVERNMENT EVIDENTIARY NOTICES

Any Defendant who does not wish to proceed to trial on September 7, 2016, must file a motion to continue the trial date **no later than June 30, 2016.** Similarly, a Defendant who has not already been granted a continuance of the September 7, 2016, trial date may file **no later than June 30, 2016,** motions to sever that are not based on *Bruton v. United States*, 391 U.S. 123 (1968).

**No later than July 5, 2016,** the Court directs the government to make its disclosures under *Bruton* as to all Defendants who have not been excused from proceeding to trial beginning September 7, 2016. Likewise, **no later than July 11, 2016,** the government must make its disclosures pursuant to Federal Rule of Evidence 404(b) as to all such Defendants. A Defendant who seeks to sever his case based on *Bruton* may file such motion to sever

---

[2] Those Defendants for whom the Court has granted motions to continue the trial date remain bound by the resolution of the Round Two Motions that are not Defendant-specific, but those Defendants may raise their own Defendant-specific motions at a later date to be set by the Court. See Order (#523) at 4-5.

5 - ORDER

**no later than July 15, 2016.**

## SCHEDULE TO RESOLVE DISCOVERY ISSUES RAISED IN JOINT STATUS REPORT (#699)

At the Status Hearing on June 15, 2016, the Court discussed with the parties 12 enumerated discovery disputes that they raised in their Joint Status Report (#699) Regarding Discovery Issues. In order to resolve those matters,[3] the Court directs the parties as follows:

1. With respect to Issues 1, 2, 3, and 7, the Court directs counsel for Jon Ritzheimer (on behalf of all Defendants) and counsel for the government to confer anew and to submit to the Court **no later than June 24, 2016,** a form of stipulated order that resolves the issues as agreed and/or a joint status report that sets out concisely any remaining disputes between the parties and the bases for their disputed positions on these issues. The Court will then determine a schedule and process to address any remaining disputes.

2. The parties address Issue 4 through the Motion (#700) to Compel Production of the Investigation of FBI Use of Force and Cover-Up in the Finicum Shooting filed by Defendant David Lee Fry on behalf of all Defendants. The government's response to

---

[3] The Court refers to the disputes set out on pages 3 through 10 of the Joint Status Report in the order that they are presented.

6 - ORDER

Defendants' Motion (#700) is due **no later than June 24, 2016.** Defendants' reply memorandum is due **no later than June 29, 2016.** The Court will then determine whether oral argument is necessary.

3. The parties address Issue 5 through the Motion (#697) to Compel Production of Information Regarding Law Enforcement's Display of Force filed by Defendant Jon Ritzheimer on behalf of all Defendants. The government's response to Defendants' Motion is due **no later than June 20, 2016.** Defendants' reply memorandum is due **no later than June 27, 2016.** The Court will then determine whether oral argument is necessary.

4. The Court directs counsel for Shawna Cox to continue to confer with counsel for the government regarding its production of photographs used by government agents in witness interviews to identify Defendants. The Court directs counsel for the government to certify **no later than June 30, 2016,** that it has diligently searched for identification photographs used during witness interviews, to produce to Defendants any photographs that have not yet been disclosed, and to identify and to explain to the extent possible the absence of any such photographs that the government cannot locate. In the event this dispute remains unresolved by the government's certification, the Court directs the parties to submit a joint status report setting out concisely the nature and bases of such dispute **no later than July 5, 2016.**

5. With respect to Issues 8 and 9, after full conferral

with counsel for the government, the Court directs stand-by counsel for Defendant Jason Patrick to assist him on behalf of all relevant Defendants in the filing of an appropriate motion to compel **no later than June 24, 2016.** The government's response to Defendants' Motion is due **no later than July 1, 2016.** The Court will then determine whether a reply memorandum or oral argument is necessary.

6. With respect to Issue 10, the Court directs counsel for the government to make a thorough search and to certify **no later than July 1, 2016,** that all statements of the Defendants have been produced. In the event this dispute remains unresolved by the government's certification, the Court directs the parties to submit a joint status report setting out concisely the nature and bases of such dispute **no later than July 5, 2016.**

7. With respect to Issue 11, the Court directs counsel for the government to disclose to Defendants all reports regarding information generated by confidential sources **no later than July 1, 2016.** In addition, the Court directs counsel for Joseph O'Shaughnessy to confer with counsel for the government to determine whether the government possesses any additional information regarding confidential informants, undercover agents, and/or "agents provocateur" and to file a joint status report that details any remaining disputed issue **no later than June 24, 2016.**

8 - ORDER

8.  With respect to Issue 12, the Court directs counsel for Joseph O'Shaughnessy to confer with counsel for the government regarding the discoverability of public statements made by government agents and agencies in the course of the alleged occupation of the Malheur National Wildlife Refuge and, to the extent that the parties are unable to reach any agreement, to file a joint status report **no later than June 24, 2016,** that concisely describes the disputed issues and sets out the parties' respective positions.

In addition to the 12 contested issues, the parties advised the Court of several more matters on which there is not currently any substantive dispute. The Court directs counsel for the government to produce the agreed-upon materials **no later than July 1, 2016.** If any disputes arise concerning these presently undisputed issues, the Court also directs the parties to file a joint status report setting out concisely the nature and bases of such disputes **no later than July 1, 2016.**

### SCHEDULE FOR FILING OF PRETRIAL DOCUMENTS

The Court directs the government to file its pretrial documents, including its witness list, exhibit list, trial memorandum, motions *in limine*, and any additional requested jury

instructions **no later than July 29, 2016.**[4]  The witness and exhibit lists filed on this date must disclose those witnesses and exhibits that, as of July 29, 2016, the government expects it will call at trial and these disclosures may be supplemented or amended thereafter if necessary.

Defendants' pretrial documents, including trial memoranda, motions *in limine*, and additional requested jury instructions are due **no later than August 5, 2016.**  Although Defendants are not required to do so, it would be helpful for case-management purposes if Defendants also submitted witness and exhibit lists on August 5, 2016.

## REGULAR JULY STATUS HEARING

The next status hearing is scheduled for **Wednesday, July 6, 2016.**  Any Defendant who wishes to waive his or her appearance at that hearing must file a signed waiver of appearance **no later**

---

[4] The Court appreciates the government's request to delay this deadline until after the Court has ruled on all Round Two Motions.  To the extent possible the Court intends to rule on most or all Round Two Motions on an expedited basis and, therefore, the government will be aware of the Court's rulings on those Motions before the deadline for filing pretrial documents.  Nevertheless, the Court concludes it is impractical to delay these filings in light of the time remaining to the September 7, 2016, trial date, given the many complexities of this case.  The Court concludes based on the record the government will not be prejudiced by this deadline because, in any event, the government should well know by these dates the primary scope of its evidentiary presentations for its case-in-chief at trial.

10 - ORDER

than **June 27, 2016.** The parties' Joint Status Report ahead of that hearing is due **no later than Thursday, June 30, 2016.**

IT IS SO ORDERED.

DATED this 17th day of June, 2016.

*anna g Brown*
ANNA J. BROWN
United States District Judge

11 - ORDER