BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:16-CR-00051-BR-4 |
| v. | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA AND PROCEED TO TRIAL BY JURY (#1421) |
| RYAN PAYNE, | |
| **Defendant.** | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Ethan D. Knight, Geoffrey A. Barrow, and Craig J. Gabriel, Assistant United States Attorneys, hereby responds to defendant Ryan Payne's Motion to Withdraw Guilty Plea and Proceed to Trial by Jury (ECF No. 1421).

Defendant's Motion to Withdraw his plea should be denied because he has failed to identify a fair and just reason that should prompt this Court to exercise its discretion to undo his

plea deal. Permitting withdrawal at this point would prejudice the government and the Court because it would require that he be tried apart from his co-defendants at some point after his currently set trial in Nevada.

Rule 11 provides that a defendant may only withdraw his guilty plea before sentencing if he can show a fair and just reason for requesting the withdrawal. *See* Fed. R. Crim. P. 11(d)(2)(B). Defendant bears the burden of making this showing. *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005). Fair and just reasons for withdrawal include "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Id.* (quoting *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004)) (emphasis deleted). The thoroughness of the Rule 11 colloquy is another factor to consider. *United States v. Nostratis*, 321 F.3d 1206, 1209 (9th Cir. 2003). The decision to permit a defendant to withdraw his plea is committed to this Court's sound discretion. *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir. 1995).

While the "fair and just" standard is "generous and must be applied liberally," *United States v. Ensminger*, 567 F.3d 587, 590 (9th Cir. 2009), a defendant cannot withdraw his plea "simply on a lark," *id.* (citations and quotations omitted), or because of "a change of heart." *United States v. Graibe*, 946 F.2d 1428, 1431 (9th Cir. 1991). The act of pleading guilty is a "grave and solemn act" that should not be easily undone. *Ensminger*, 567 F.3d. at 593. A defendant's solemn declaration in open court at a plea colloquy carries a strong presumption of veracity. *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987) (citations omitted).

Overall there is a very strong preference to preserve the entry of a guilty plea. *United States v. Hyde*, 520 U.S. 670, 676 (1997). "Once the plea is accepted, permitting withdrawal is, as it ought to be, the exception, not an automatic right." *Ensminger*, 567 F.3d at 593.

Payne does not claim, nor does the record support that his Rule 11 colloquy was deficient in any way. This Court emphasized throughout the change of plea hearing that defendant's entry of a guilty plea—if accepted—would be a "permanent and valid decision." (Plea Hr'g Tr. 9, July 19, 2016, ECF No. 965). *See also* (Plea Hr'g Tr. 27) ("Today's decision is permanent. It carries the same weight as if a jury found you guilty. You can't, tomorrow or the next day, or whatever, just say, Well, I want out. Because it's – it's not allowed."); and *Id.* ("THE COURT: I just need you to understand this is a permanent time, one way or the other, under the plea. THE DEFENDANT: I understand.").

Defendant points to evidence he inaccurately claims was produced following his guilty plea. In fact, the video recording and Confidential Human Source information cited in defendant's Motion were produced to defense counsel prior to his guilty plea. *See* Attachments A and B. Further, defendant cannot claim that the video evidence is "new" since it is a recording of his own statements—something he was well aware of at the time, given the charged conspiracy's active promotion of its various messages. *See United States v. Showalter*, 569 F.3d 1150, 1155 (9th Cir. 2009) (affirming trial court's denial of a motion to withdraw because newly "available" evidence was not newly "discovered" evidence). Moreover, any suggestion that Payne perceived the government's case as weaker than he anticipated based on this video simply is not an intervening circumstance that would justify withdrawal from his plea deal with

**Government's Response to Defendant's Motion to Withdraw Guilty Plea and        Page 3
Proceed to Trial by Jury (#1421)**

the government.  *See Id.* (rejecting a defense argument that his appraisal of the strength of the government's case constituted a fair and just reason to withdraw his plea).

Instead, defendant's Motion hinges primarily on the fact that he was unable to secure a plea deal with federal prosecutors in Nevada.[1]  The agreement with the U.S. Attorney's Office in Oregon, was not, however, contingent on defendant securing a deal with Nevada.  In fact, the plea agreement itself expressly stated that the Nevada USAO was *not* a party to the agreement: "The defendant expressly understands that the United States Attorney's Office for the District of Nevada is not a party to this agreement."  (ECF No. 905, at 1).  The plea agreement went further, explaining that the USAO for Nevada was "not entering into any agreement with defendant or making any promises to defendant" with respect to the charges pending in that district.  *Id.*

Moreover, defendant demonstrated that he understood that his guilty plea in the Oregon case was made because he was actually guilty of the Oregon charges, and not because his plea was contingent upon a global resolution.  (Plea Hr'g Tr. 38-39, 42-45).  In fact, defense counsel confirmed at the time of Payne's guilty plea that any agreement with the Nevada USAO was "only a contemplated agreement."  (Plea Hr'g Tr. 10, 12).  The interrelation between the two districts was limited to the government's promise that it would recommend that defendant serve any sentence in this case concurrent with any sentence that might be imposed in Nevada.  *Id.* at 35.  Whether defendant is sentenced on the Nevada charges as the result of a guilty

---

[1]  It should be noted that the government disputes defendant's account of his Nevada plea negotiations.

**Government's Response to Defendant's Motion to Withdraw Guilty Plea and                              Page 4
Proceed to Trial by Jury (#1421)**

verdict or a guilty plea, or whether he receives no sentence because of an acquittal, the terms of his Oregon plea agreement remain unchanged and unaffected by the events in Nevada. This was all made clear to him in the written plea agreement and during his change of plea hearing, and as a consequence, his failure to secure a plea deal with the Nevada USAO cannot satisfy the fair and just standard for withdrawal of his otherwise valid guilty plea in this case.

Defendant further cites his alleged "equivocation" as a fair and just reason to withdraw his guilty plea. But he fails to cite any authority for this novel proposition. Even if this stated rationale were to fall within the generic "interests of justice" exception, it should be rejected in this case. Payne affirmatively told this Court that he understood the government's evidence, that he understood that his actions were threatening and intimidating to federal officers, and that he was consequently guilty of the conspiracy charge. His statements satisfied this Court that he was truly guilty of the charge, and his attempt to divine some equivocation for purposes of his current Motion should be rejected. To hold otherwise could encourage defendant and others to similarly "equivocate" during Rule 11 hearings simply to create wiggle room for later withdrawal motions.

Finally, when defendant entered his guilty plea he knew that his co-defendants were proceeding to trial. Publicly, his co-defendants made clear that they planned to mount a vigorous defense that would include a number of claimed constitutional bases for their charged actions. The fact that seven of his co-defendants were acquitted was a distinct possibility when Payne entered his guilty plea; the fact that it came to pass does nothing to undermine his own knowing and intelligent plea. Although this Court unquestionably has discretion to permit

Payne to withdraw his guilty plea when co-defendants are acquitted, *see, e.g., United States v. Schwartz*, 785 F.3d 673, 678 (9th Cir. 1986), nothing compels that result.   In fact, because the government would be prejudiced because it would have to try Payne separately, several courts have affirmed trial courts that have denied motions to withdraw despite co-defendants' acquittals.  *See, e.g., United States v. Giorgio*, 802 F.3d 845, 849 (6th Cir. 2015) (finding 118-day delay "substantial" and affirming denial of a motion to withdraw despite co-defendants' acquittals); *United States v. O'Hara*, 960 F.2d 11, 14-15 (2d Cir. 1992) (affirming trial court's denial of a motion to withdraw following acquittal of co-defendants based in part on prejudice to government in having to try defendant separately); and *United States v. Picone*, 773 F.3d 224, 226 (8th Cir. 1985) (affirming denial of motion to withdraw following co-defendants' acquittals).

To permit a withdrawal at this point would also prejudice the government and the administration of justice.   Although the government is not required to show prejudice when a defendant fails to show a fair and just reason to withdraw, this Court may consider prejudice in exercising its discretion.   *United States v. Read*, 778 F.2d 1437, 1440 (9th Cir. 1985).   Payne filed his Motion before the jury reached a verdict in his co-defendants' trial, but well after that trial commenced.   Another group is set for trial in this Court in February of 2017, but that date conflicts with Payne's currently scheduled trial date in Nevada.   As this Court is well aware, trial in this case has consumed tremendous time and resources.   Had Payne maintained his not guilty plea, he would have been part of the group trial that took place over the past month.   Permitting withdrawal at this late date will likely require that Payne be tried alone, sometime after his Nevada case, and without the efficiencies enjoyed through joinder with his co-

defendants. This is just one of many factors that serve as a sound basis to deny his Motion to Withdraw.

Dated this 7th day of November 2016.

                Respectfully submitted,

                BILLY J. WILLIAMS
                United States Attorney

                *s/ Craig J. Gabriel*
                ETHAN D. KNIGHT, OSB #992984
                GEOFFREY A. BARROW
                CRAIG J. GABRIEL, OSB #012571
                Assistant United States Attorneys