```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

                              PORTLAND DIVISION


UNITED STATES OF AMERICA,        )
                                 )
                     Plaintiff,  )  Case No. 3:16-cr-00051-BR
                                 )
              v.                 )
                                 )  December 21, 2017
JOSEPH O'SHAUGHNESSY (3) and     )
RYAN PAYNE (4),                  )
                                 )
                     Defendants. )  Portland, Oregon
_____)




                       TELEPHONIC STATUS CONFERENCE

                          TRANSCRIPT OF PROCEEDINGS

                     BEFORE THE HONORABLE ANNA J. BROWN

                 UNITED STATES DISTRICT COURT SENIOR JUDGE
```

```
 1                          APPEARANCES

 2   FOR THE PLAINTIFF:
                         ETHAN D. KNIGHT
 3                       U.S. Attorney's Office
                         1000 SW Third Avenue
 4                       Suite 600
                         Portland, OR 97204
 5
     FOR THE PLAINTIFF:
 6                       CRAIG J. GABRIEL
                         U.S. Attorney's Office
 7                       1000 SW Third Avenue
                         Suite 600
 8                       Portland, OR 97204

 9   FOR THE PLAINTIFF:
                         GEOFFREY A. BARROW
10                       U.S. Attorney's Office
                         1000 SW Third Avenue
11                       Suite 600
                         Portland, OR 97204
12

13   FOR DEFENDANT JOSEPH O'SHAUGHNESSY:

14                       ANTHONY C. SCHWARTZ
                         The Schwartz Law Firm
15                       520 SW 6th Avenue
                         Suite 600
16                       Portland, OR 97204

17   FOR DEFENDANT RYAN PAYNE:

18                       LISA HAY
                         Office of the Federal Public Defender
19                       101 SW Main Street
                         Suite 1700
20                       Portland, OR 97204

21


22


23   COURT REPORTER:     Jill L. Jessup, CSR, RMR, RDR, CRR, CRC
                         United States District Courthouse
24                       1000 SW Third Avenue, Room 301
                         Portland, OR 97204
25                       (503)326-8191
```

1             TRANSCRIPT OF PROCEEDINGS
2                 (December 21, 2017)
3  (Telephone conference:)
4        THE COURT:  Good morning, Counsel.  This is
5  Judge Brown.  We're on the record in the United States v.
6  Ammon Bundy, which is Criminal No. 16-00051, to touch base
7  regarding developments in the proceedings in Las Vegas that
8  affect the release status of Defendant Ryan Payne and Defendant
9  Joseph O'Shaughnessy.  I wanted to touch base with you so that
10 this Court's position regarding continued release is clear, and
11 as issues develop in Nevada, you and your clients are prepared
12 to address this Court's expectations regarding the continued
13 release of both Mr. Ryan and Mr. O'Shaughnessy.  It being, of
14 course, unpredictable what will happen there next.
15      Mr. Ryan Payne was in the marshal's custody at the time
16 Chief Judge Navarro authorized his release as things were
17 developing in that trial that seemed to warrant it.  I haven't
18 been privy to the reasons she made her choice except to the
19 extent some of them have been reflected publicly in media
20 coverage.
21      I, however, have been mindful of Mr. Payne's ongoing
22 objections about simultaneous prosecution.  And with the
23 awareness that the co-defendants with whom he was in trial,
24 excepting, of course, Cliven Bundy, would be out of custody and
25 that Chief Judge Navarro had approved his release on conditions

1  during that trial, I thought it prudent to authorize his
2  release from the Oregon detention hold while that trial was in
3  progress.
4      That, of course, changed yesterday when Judge Navarro
5  entered an order declaring a mistrial.  That trial is no longer
6  in progress.
7      It's also unclear, however, what the future holds with
8  respect to potential ongoing trial proceedings involving
9  Mr. Payne.  As I understand it from the media and from
10 Ms. Hay's correspondence by email last night, the defendants
11 take the position that the mistrial declared should be one that
12 precludes any further prosecution of them.  A mistrial with
13 prejudice, so to speak.  And the government opposes that.
14     The Court, as I understand it, in Nevada, has set a
15 briefing schedule for the parties there, and I think -- and,
16 Ms. Hay, correct me if I'm wrong -- I think a hearing date of
17 January 8 or thereabouts on that issue; is that right?
18         MS. HAY:  That's correct, Your Honor.  The briefs are
19 due by the end of December, and the hearing is Monday January 8
20 at 9:00 a.m.
21         THE COURT:  All right.  So I'm satisfied with
22 confirmation that Mr. Payne has remained in compliance with the
23 conditions of release, and this is true, as well, for
24 Mr. O'Shaughnessy.  His counsel contacted us this morning with
25 email confirmation that he's also in compliance with the

1    conditions of his release.  I think that status needs to
2    continue at least until January 8th.
3        I'm, however, of the firm conviction that in the event
4    Judge Navarro declares a mistrial with prejudice as of January
5    8, then Mr. Payne needs to be returned to the status he was in
6    when he left Oregon; that is to say in the marshal's custody
7    pending sentencing.  I would intend to enter an order requiring
8    him to surrender back to the marshal in Nevada within 48 hours
9    of declaration of a mistrial with prejudice or a longer period
10   of time, 96 hours, maybe, for a surrender in Oregon.
11       I'm of a mind that he needs to come back into custody and
12   we need to move forward promptly to get his sentencing
13   materials updated and current and get that decision made.
14       So with respect to Mr. Payne, Ms. Hay, I would like you to
15   tell him that I'm satisfied he should stay out of custody, that
16   my whole purpose of allowing him out of custody on the Oregon
17   conviction pending his sentencing was to ensure he could
18   adequately prepare for that trial.  But when that need is over,
19   I'm still of a mind he needs to come back into custody.
20       So I want him to clearly comply with the conditions of
21   release, and I want him to be standing by for directions that
22   are updated.  When and if the mistrial is declared to be with
23   prejudice, I would be entering an order with specifics for his
24   surrender.  I don't want any miscommunication.  I don't want
25   him out of contact with you, and I want to be sure this

1  proceeds smoothly so that we don't have any issues about
2  getting the matter back in front of the Court for sentencing as
3  soon as everyone can be ready.
4      Now, if Judge Navarro determines the mistrial is without
5  prejudice, I understand she intends to proceed to trial in
6  February or thereabouts.  And if that's the case, unless
7  something changes either in the course of Mr. Payne's behavior
8  or the government's position there and the Court's position
9  there regarding his release, then the idea would be he would
10 stay out of custody pending the conclusion of that trial --
11 that is to say a verdict, not a sentencing -- because I'm not
12 going to wait here to sentence him for all of the time and
13 preparation it will take after any guilty verdict there to --
14 to determine a sentencing posture out of that proceeding.
15     So from -- from my position, the prudent thing to do is to
16 leave Mr. Payne where he is, out of custody, compliant with
17 conditions of release, and focusing on what is next in the
18 District of Nevada.
19     If he's going to have to prepare for a new trial, then
20 he's going to be permitted to stay out of custody, with the
21 same conditions, until something changes that warrants a change
22 in that.  But in the event and when that need to prepare for
23 that trial is over, he's going to have to get back into
24 custody, and we need to move forward here to get his sentencing
25 resolved.

1        Now, with respect to Mr. O'Shaughnessy, he was not in
2   Oregon custody when the Nevada court released him, and so he's
3   in a bit of a different position, and I would want to have an
4   evaluation of what the conditions were with respect to
5   continued release once the -- once the trial proceedings
6   against him are concluded.
7        I understand from media coverage yesterday that Ryan Bundy
8   raised to Judge Navarro that the status of those already
9   convicted in the Nevada case, in fairness, needs to be
10  reviewed, and her response, as quoted in the media, is, "Well
11  that's a totally separate issue."
12       I think an analogous point has to be anticipated with
13  respect to Mr. O'Shaughnessy, and that is if a mistrial is
14  declared with prejudice, then I don't know what the
15  government's position will be as to proceeding to trial as to
16  Mr. O'Shaughnessy or what the Court's position will be, but
17  we'll need to do a -- we'll need to be in a position to do a
18  quick evaluation about when sentencing will be scheduled to go
19  forward for certain on his matter.  We've -- we simply have to
20  get the proceedings concluded here at this end.
21       So I wanted to be -- we are on the record.  I should let
22  you know that.  I want to be clear that I'm not changing
23  anything today, but I will be attentive to what Judge Navarro
24  does on January 8th.  And then we're going to need to have a
25  quick opportunity to have probably a telephone hearing, then,

1  to confirm what the correct course of action is.

2      I'm letting you know what I'm thinking strongly now will
3  need to be the case if it's declared to be a mistrial with
4  prejudice.

5      But if you want, I can also set a hearing now for, say,
6  January 9, the day after Judge Navarro hears that issue of with
7  or without prejudice, and we can visit -- revisit these issues
8  formally.  I can take any argument you want to make, but I just
9  thought it was important that you have clarification for what
10 to do now, going forward, waiting until January 8th, and over
11 the holidays, that your clients understand how important it is
12 they remain in strict compliance with conditions between now
13 and then and what to expect going forward.

14      Now, who do I have from the U.S. Attorney's Office on the
15 phone this morning?

16          MR. KNIGHT:  Your Honor, Ethan Knight.  Geoff Barrow
17 and Craig Gabriel are present as well.

18          THE COURT:  Do you have any objection to my
19 proceeding as described?

20          MR. KNIGHT:  No, Your Honor.  We're available on the
21 9th of January, as well, for a follow-up hearing.

22          THE COURT:  Ms. Hay, I know you would like to address
23 the merits of keeping Mr. Payne out of custody pending his
24 Oregon sentencing.  I am not interested in hearing those issues
25 today.  I simply wanted to get the message out to him, through

```
 1  you, what my view is now.  But we probably should set a
 2  hearing -- a backup hearing date for, say, January 9.
 3       Are you available that day?
 4            MS. HAY:  I am.  11:00 would be better for me, if
 5  we're -- 11:00 or later, but --
 6            THE COURT:  That works.
 7            MS. HAY:  If it's earlier, I can work out something.
 8            THE COURT:  That works.  We can set a status hearing
 9  in United States v. Payne by telephone for Tuesday, January 9,
10  at 11:00.
11       Now, with respect to Mr. O'Shaughnessy, it's probably best
12  that we also have his interests on the docket for that same
13  time.
14       Are you available, too, counsel for Mr. O'Shaughnessy, on
15  the 9th at 11:00 to participate in another telephone hearing?
16            MR. SCHWARTZ:  This is Tony Schwartz for
17  Mr. O'Shaughnessy.  Yes, Your Honor, I am.
18            THE COURT:  Okay.  So what I would like, then,
19  Ms. Hay and Mr. Schwartz, is for you each to let your clients
20  know that nothing is going to change as far as the Oregon
21  status of release goes between now and January 9th, that the --
22  they simply need to take seriously the conditions of release.
23       I have this fear that the jubilation that is being
24  reported in the media among the defendants there may lead to
25  some improvident decision-making, and that is not in
```

```
 1   Mr. Payne's interest, and it's not in Mr. O'Shaughnessy's
 2   interests.  So they need to know we're being patient here, but
 3   at some point we are going to move forward, and their conduct
 4   there may, in fact, impact what happens at their sentencing
 5   hearing here.
 6        So we'll go ahead, then, and set another telephone hearing
 7   for Tuesday, January 9, a status hearing we'll call it, on the
 8   release status of both these defendants.  If, by chance,
 9   Judge Navarro does not make a decision on the 8th, we'll move
10   the hearing on the 9th; but we'll go ahead with the hearing on
11   the 9th, I guess, at least for the purpose of rescheduling so
12   we don't need to chase everybody down again to find out when
13   you're available.
14        It would be good if you could have your clients available
15   by phone, too, to participate at that hearing on the 9th.
16        Ms. Hay, would that work?
17             MS. HAY:  As far as I know, I could do that.  I guess
18   it would certainly depend on what's happening in the court in
19   Nevada, but if he's out of -- if he's not required to be in the
20   courtroom for any reason, then I would be able to have him
21   available.
22             THE COURT:  True enough.
23        Okay.  Same with you, Mr. Schwartz?
24             MR. SCHWARTZ:  It is the same, Your Honor.
25             THE COURT:  All right.  Ms. Hay, do you need to say
```

1  anything for the record this morning?
2          MS. HAY:  No.  Thank you, Your Honor.
3          THE COURT:  Okay.  Mr. Schwartz?
4          MR. SCHWARTZ:  Not -- just -- just regarding some
5  notice to you and not -- first of all, thank you for the
6  Court's clarification in expectations.  I will relay that to
7  Mr. O'Shaughnessy right when I get off the phone with you.  But
8  Mr. O'Shaughnessy and I have had several conversations since
9  his release two or three weeks ago about a sentencing date here
10 before you, obviously, in the next maybe 8 to 10, 12 weeks.
11 If -- if there are issues regarding setting that up, you know,
12 before January 8th or 9th, before Judge Navarro's ruling; but,
13 that said, I'll reach out to the U.S. attorneys and try to talk
14 to them about some of the issues, which is to say we may be
15 coming before you in the next couple of weeks regarding a date
16 certain for sentencing.  So I just wanted to give you that
17 information.
18         THE COURT:  Well, we're going to get a date certain
19 for sentencing.  Why don't we just postpone that discussion
20 until January 9th, since we're all going to be on the phone
21 regarding status anyway.
22         MR. SCHWARTZ:  Okay.
23         THE COURT:  Does that work for the government?
24         MR. KNIGHT:  Yes, Your Honor.
25         THE COURT:  Okay.  Well, I think that's all we can

1   accomplish for today.
2           Thank you, Counsel.  We're off the record.
3                       (Hearing concluded.)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

C E R T I F I C A T E

United States of America v. Joseph O'Shaughnessy and Ryan Payne

3:16-cr-00051-BR

STATUS CONFERENCE

December 21, 2017

   I certify, by signing below, that the foregoing is a true and correct transcript of the record, taken by stenographic means, of the proceedings in the above-entitled cause.  A transcript without an original signature, conformed signature, or digitally signed signature is not certified.

/s/Jill L. Jessup, CSR, RMR, RDR, CRR, CRC
_____

Official Court Reporter          Signature Date: 4/20/18
Oregon CSR No. 98-0346           CSR Expiration Date:  9/30/20