**Lisa Hay, OSB # 980628**
**Federal Public Defender**
**lisa_hay@fd.org**
**Jessica Greenlick Snyder, OSB # 134911**
**Research & Writing Attorney**
**jessica_snyder@fd.org**
**101 S.W. Main Street, Suite 1700**
**Portland, Oregon  97204**
**Tel:    (503) 326-2123**
**Fax:    (503) 326-5524**

**Attorneys for Defendant**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                          **Plaintiff,**<br><br>             v.<br><br>**RYAN PAYNE,**<br><br>                          **Defendant.** | Case No. 3:16-cr-00051-BR-4<br><br>**MOTION FOR EARLY TERMINATION OF SUPERVISION**<br><br>*(Hearing Requested)* |

The defendant, Ryan Payne, through his attorneys Lisa Hay and Jessica G. Snyder, respectfully moves this Court for an order pursuant to 18 U.S.C. § 3583(e)(1) and Federal Rule of Criminal Procedure 32.1(c), for early termination of his term of supervised release.  Mr. Payne's compliant conduct and positive contribution to his community throughout the past 18 months of supervised release demonstrates that further supervision is unnecessary.

PAGE 1.   MOTION FOR EARLY TERMINATION OF SUPERVISION

Assistant United States Attorneys Ethan D. Knight and Geoffrey A. Barrow have been notified of this motion for early termination; they will advise the Court of the government's position after filing. The United States Probation Office through Officer Ashley Tierney was provided an advance copy of the motion. The probation office did not take a position on the motion but noted that Mr. Payne is currently in compliance with his conditions and is respectful in meetings. Mr. Payne requests an opportunity to reply to filings, if any, by the probation office or the government. Pursuant to Rule 32.1(c)(2)(B) and (C), Mr. Payne requests that the Court hold a hearing on this matter unless the Court intends to grant the relief requested.

## BACKGROUND

On March 8, 2018, after a guilty plea to one count of Conspiracy to Impede Officers of the United States, Ryan Payne was sentenced to 37-month term of imprisonment, followed by three years of supervised release. ECF 2588. On November 9, 2018, Mr. Payne was released from custody and began his three-year term of supervised release. Per his plea agreement, Mr. Payne was formally transferred to the district of Montana after his release from Bureau of Prisons. ECF 2588.

The Probation Office in Montana provided the following positive report by email on Mr. Payne's progress:

> Overall, his adjustment to supervision has been reasonable. He has three minor infractions since his supervision commenced. He was unable to produce for a urinalysis test on 1/29/2019 and again on 06/06/2019 and did not report contact with the Montana Highway Patrol on 2/02/2019 as required. As referenced these are considered low level severity violations and were handled informally rather than being reported to the Court.
>
> He has maintained full time employment and paid his restitution in full September 23, 2019. He maintains contact with the probation office regarding changes and is consistent in asking for approval to access federal lands. It appears he has abstained from communication with his co-defendants in the Nevada case.

> Aside from the above noted, Mr. Payne has maintained compliance with his supervision and is respectful during our contacts.

(Email dated April 28, 2020). Thus, to date Mr. Payne has completed 18 months of supervision without any reported violations.

## LAW AND ARGUMENT

### It Is In The Interest Of Justice To Terminate Mr. Payne's Supervision Early.

By statute, the court is authorized to terminate a sentence of supervision any time after 12 months have elapsed, if "it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Trenter*, 201 F.3d 1262, 1263 (9th. Cir. 2000) ("The district court may terminate supervised release after one year if it is satisfied that the person no longer requires supervision."). In determining whether early termination is appropriate, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they apply.

Furthermore, as established in the Guide to Judiciary Policy §360.20(c), there is a presumption that early termination should be recommended for defendants who have served more than 18 months of supervision and meet the listed criteria. Mr. Payne meets the criteria for a presumptive early termination recommendation: he is not a career drug offender or career criminal, presents no risk of harm to the public, is free from any violations over a 12-month period, and has been in full compliance with all conditions of his supervision. *Guide to Judiciary Policy, Vol. 8E, Ch. 3*, § 360.20 Early Termination. Under the policy, there is a presumption in favor of Mr. Payne's supervision early.

Early termination is also appropriate when considering the statutory factors. 18 U.S.C. § 3553(a)(2)(A)(reflecting the seriousness of the offense, adequate deterrence of the criminal

conduct, protecting the public, and providing the defendant with rehabilitation services). In the 18 months since Mr. Payne has been on supervision, Mr. Payne has maintained a job, a stable place to live, grown his family, and developed healthy, prosocial relationships. Mr. Payne has paid off his restitution in full and has not committed any violations.

After his release from custody and beginning his term of supervised release, Mr. Payne began his career as a licensed Journeyman Electrician for TJ Electric Inc. *See* Attachment 1.[1] His supervisor, Nick Jacobs, notes that he was a reliable and honest employee and the company was sad to see Mr. Payne move on from the company. *See* Attachment 3.

In August 2019, Mr. Payne moved on from working with TJ Electric as he found a new career opportunity with REM Technologies, a start-up company in Belgrade, Montana, which is developing a new technology for raw materials processing in the metals supply industry. *See* Attachment 1. Mr. Payne was quickly promoted to head of operations at the company and works directly under the Chief Executive Officer, David Walters. *See* Attachment 2. Mr. Walters notes that Mr. Payne is his best employee and highly valued member of their community. *Id*. The company is heading into its production season starting in late April. *See* Attachment 1. The expectation is that Mr. Payne will need to travel in order to meet with clients, consultants, as well as for meetings with other members in the industry. *Id*. It will be more difficult for Mr. Payne to travel if he is still being supervised by the Probation Office. *See* Attachments 1 and 3.

In addition to his career accomplishments, Mr. Payne has a loving, stable home life. Mr. Payne married his wife, Areil, shortly after Mr. Payne was released from custody. *See* Attachment 1. Together, Mr. Payne and his wife have four children, with another child due in late

---

[1] Defense counsel will provide letters of support in a separate filing with the Court.

August. *Id*. Mr. Payne and his family are devout members of the Hebraic Roots Fellowship parish in Bozeman, where they attend services every Saturday and attend special events throughout the year. *Id*. Mr. Payne has developed a community of support through his parish, including a friendship with a fellow parishioner, Matt Anderson. *See* Attachment 4. Mr. Anderson reflects on his friendship with Mr. Payne and notes that he is a better person for having Mr. Payne in his life. *Id*.

Finally, Mr. Payne paid the balance of the restitution in September 2019. *See* Attachments 1 and 5. Mr. Payne has satisfied his financial obligations. *See* Attachment 5.

## CONCLUSION

For these reasons, Mr. Payne requests that the Court issue an order terminating his supervision. If the Court is not inclined to grant this motion based on the filings, the defendant requests a hearing pursuant to 18 U.S.C. § 3583(e)(1) (establishing that the procedures under Fed. R. Crim. Pro. 32.1(c)(1) apply, which include a right to a hearing under the specified circumstances).

Respectfully submitted this 1st day of May 2020.

/s/ Lisa Hay
Lisa Hay
Federal Public Defender
Attorney for Defendant

Ashley Needham, Law Clerk
On the Motion